Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEHRIT TESHOME, ROCCO VOLKER, JAMES VERT, and 10.23 BUILD, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SEATTLE,<br><br>Defendant. | No. 2:25-cv-01226-MJP<br><br>NOTICE OF RELATED CASE |

This case is related to another case pending in this Court before Judge Thomas S. Zilly, *Adams v. City of Seattle*, No. C22-1767-TSZ. On identical constitutional grounds seeking the same relief, both cases challenge the same ordinance enacted by Defendant City of Seattle. The parties in both cases are represented by the same counsel.

*Adams* is related to the instant case, *Teshome*, because both involve facial and as-applied challenges to the same City ordinance based on the same legal theory grounded in the same facts. Discovery from the City overlaps significantly in both cases. The parties presented a considerable record to Judge Zilly, who entered a ruling dismissing *Adams* that is now on appeal in the Ninth Circuit Court of Appeals. Given the identical issues presented in these two cases by the same counsel under virtually the same facts, "it appears likely that there will be an unduly

NOTICE OF RELATED CASE - 1
*Teshome v. City of Seattle*, No. 2:25-cv-01226-MJP

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." LCR 3(g)(4).

### A.    *Adams* challenges MHA under the unconstitutional conditions doctrine.

Under the City's mandatory housing affordability ordinance ("MHA"), developers in zones where the City has provided enhanced development capacity must include and maintain affordable units in new residential construction or pay a fee to support affordable housing elsewhere. *See* Seattle Mun. Code ch. 23.58C.[1] The City Council passed legislation completing MHA in March 2019. Ord. 125791.[2]

In December 2022, Plaintiff Anita Adams sued the City, claiming that MHA, facially and as-applied, violates the unconstitutional conditions doctrine as applied to the Takings Clause by imposing permit requirements that fail the nexus test of *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 837 (1987), and the rough proportionality test of *Dolan v. City of Tigard*, 512 U.S. 374, 391 (1994). *See Adams v. City of Seattle*, No. C22-1767-TSZ, Dkt. # 1 (Complaint). Represented by Suranjan Sen and William Maurer of the Institute for Justice, Ms. Adams requested declaratory and injunctive relief, nominal damages, and attorney fees and costs. *Id*. at pp. 14–19.

The parties filed cross-motions for summary judgment. The City raised a number of defenses, including that: (1) Ms. Adams's as-applied claim is unripe because she sought no waiver or reduction of the MHA requirement; (2) her facial claim fails because at least one property owner obtained a waiver (proving that MHA can be applied without implicating the

---

[1] The Seattle Municipal Code is available online at https://library.municode.com/wa/seattle/codes/municipal_code (last visited July 10, 2025).

[2] City legislation is available online at https://seattle.legistar.com/Legislation.aspx (last visited July 10, 2025).

NOTICE OF RELATED CASE - 2
*Teshome v. City of Seattle*, No. 2:25-cv-01226-MJP

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Takings Clause), the claim is time-barred, and courts reject facial application of the rough proportionality test; and (3) MHA is not subject to the nexus and rough proportionality tests. Dkt. # 59-1 at pp. 21–33 (City motion), # 74 (order making Dkt. # 59-1 the public, redacted version). The City also argued that, even if those defenses fail, MHA passes the nexus and rough proportionality tests. Dkt. # 59-1 at p. 33–44.

In June 2024, Judge Zilly granted judgment to the City and dismissed Ms. Adams's complaint. Dkt. # 75. In September 2024, he denied Ms. Adams's motion to alter or amend that judgment. Dkt. # 83.

Ms. Adams appealed to the Ninth Circuit. *Adams v. City of Seattle*, No. 24-650. Briefing in that court—which presents for de novo review all the issues raised in the cross-motions for summary judgment—concluded in April 2025. *See id.*, Dkt. #s 9.1, 42.1, 50.1. The Institute for Justice's Paul Avelar recently filed a notice of appearance in the *Adams* appeal, joining Messrs. Sen and Maurer. *See* Dkt. # s 55–56. Oral argument is scheduled for September 17, 2025.

**B.      The instant case, *Teshome*, is nearly identical to *Adams*.**

*Teshome* is *Adams* with different plaintiffs. *See* LCR 3(g)(4)(A) (related cases "concern substantially the same parties, property, transaction, or event"). Represented by the *Adams* legal team—Messrs. Sen, Maurer, and Avelar—the *Teshome* Plaintiffs press the same facial and as-applied claims against MHA and seek the same relief as Ms. Adams. *See Teshome*, Dkt. # 1 (Complaint).[3] In *Teshome*, the City will assert the same defenses discussed above because, like Ms. Adams, the *Teshome* Plaintiffs sought no waiver or reduction of the MHA requirement and filed their facial claim even later than she did. *See id*. at pp. 11–19, 27. The City's other *Adams*

---

[3] The *Teshome* Plaintiffs also seek a refund of their MHA fees, plus interest. *Id*. at p. 26.

NOTICE OF RELATED CASE - 3
*Teshome v. City of Seattle*, No. 2:25-cv-01226-MJP

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

defenses (that the waiver provision proves MHA cannot fail facially, courts reject facial application of the rough proportionality test, and MHA is not subject to the nexus and rough proportionality tests) would apply with equal force in *Teshome*. And the City will also argue in *Teshome* as it did in *Adams* that, even if those defenses fail, MHA passes the nexus and rough proportionality tests, marshaling the same expert and other testimony used in *Adams*.

**C.    There will be an unduly burdensome duplication of labor and expense and the potential for conflicting results if the cases are conducted before different judges.**

There will be an unduly burdensome duplication of labor and expense and the potential for conflicting results if *Teshome* and *Adams* are conducted before different judges. *See* LCR 3(g)(4)(B). A significant amount of discovery was conducted in *Adams* and the issues there were briefed extensively before Judge Zilly. If *Teshome* is before a different judge, there exists the genuine possibility of conflicting rulings on MHA's validity. The parties would duplicate labor and expense to inform a new judge (who would have to start from scratch) about MHA and the City's grounds for dismissal, all with the prospect of a result conflicting with the one Judge Zilly reached in *Adams*.

Respectfully submitted July 10, 2025.

ANN DAVISON
Seattle City Attorney

By:    *s/Jeffrey S. Weber*, WSBA #24496
       *s/Roger D. Wynne*, WSBA #23399
       *s/Rebecca Widen*, WSBA #57339
Seattle City Attorney's Office
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
jeff.weber@seattle.gov
roger.wynne@seattle.gov
rebecca.widen@seattle.gov
*Assistant City Attorneys for Defendant City of Seattle*

NOTICE OF RELATED CASE - 4
*Teshome v. City of Seattle*, No. 2:25-cv-01226-MJP

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200