1

Hon. Thomas S. Zilly

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8   MEHRIT TESHOME, ROCCO VOLKER,
    JAMES VERT, and 10.23 BUILD, LLC,
9
                                    Plaintiffs,        No. C25-1226 TSZ
10
                vs.                                     JOINT STATUS REPORT
11
    CITY OF SEATTLE,
12
                                    Defendant.

13          On July 28, 2025, this Court directed the parties "to meet and confer and to file . . . a joint

14   status report setting forth their views on whether this case should be stayed pending the United

15   States Court of Appeals for the Ninth Circuit's resolution of *Adams v. City of Seattle*, W.D.

16   Wash. Case No. C22-1767 (COA No. 24-6505)."

17          The parties met, conferred, and were unable to agree on whether this case should be

18   stayed pending resolution of the *Adams* appeal. This report conveys the parties' views. The first

19   section explains why the City believes a stay is warranted, and the second discusses Plaintiffs'

20   view that a stay here is inappropriate.

21                    I.        THE CITY FAVORS A STAY

22          This case was reassigned to the Hon. Thomas S. Zilly under LCR 3(g) because it relates

23   to *Adams*, which is on his docket. *See* Dkt. #s 13, 14. The *Adams* plaintiff challenges Defendant

JOINT STATUS REPORT - 1
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

City of Seattle's mandatory housing affordability program ("MHA") as unconstitutional. Last year this Court entered an order granting summary judgment to the City in *Adams*, now on appeal to the Ninth Circuit.

The City's Notice of Related Case, Dkt. # 13, explains how the instant case, *Teshome*, is nearly identical to *Adams*—how it is pressed by the same counsel who represent the plaintiff in *Adams*, it challenges the same City law on the same grounds, it seeks essentially the same relief, and raises the same legal issues this Court has already adjudicated, and the Ninth Circuit will soon address, in *Adams*. Among the overlapping issues are whether: (1) the as-applied claims are unripe because plaintiffs sought no waiver or reduction of the MHA requirement; (2) the facial claims fail because at least one property owner obtained a waiver (proving that MHA can be applied without implicating the Takings Clause), the claims are time-barred, and courts reject facial application of the rough proportionality test; (3) MHA is subject to the nexus and rough proportionality tests; and (4) MHA passes those tests. *See* Dkt. # 13 at pp. 2–4. The City incorporates its Notice and will not further rehash its points here.

This Court has broad discretion to stay proceedings as part of its inherent power to control its docket. *See Waithaka v. Amazon.com, Inc.*, No. C19-1320-RSM, 2023 WL 1991889, at *1 (W.D. Wash. Feb. 14, 2023) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "This power includes staying an action 'pending resolution of independent proceedings which bear upon the case.'" *Id.* (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). "In determining whether to grant a stay pending the result of independent proceedings, courts consider three factors: (1) the orderly course of justice 'measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay,' (2) the hardship or inequity that a party may suffer in being required to go

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

forward, and (3) the possible 'damage' that may result from granting a stay. *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). All three factors point toward staying this action pending resolution of the *Adams* appeal.

**The orderly course of justice requires a stay.** Most importantly, a stay here would advance the orderly course of justice by simplifying the issues, proof, and questions of law, and preventing the possibility of conflicting rulings. District courts may stay a case where other proceedings bear upon it:

> A district court may stay a case "pending resolution of independent proceedings which bear upon the case," and we have clarified "that the issues in such [independent] proceedings" do not need to be "necessarily controlling of the action before the [district] court." Indeed, we have repeatedly held that a district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings.

*In re PG&E Corp. Securities Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

The legal issues to be decided in *Adams* do not just bear upon this case; most of them can resolve this case. *See* Dkt. # 13. Absent a stay, the City will respond to Plaintiffs' complaint by filing a motion to dismiss or other dispositive motion, rather than an answer, which will require this Court to confront at the outset of this case the very same issues it already decided, and are currently before the Ninth Circuit, in *Adams*. With an authoritative appellate resolution on the horizon—one that will likely answer the key issues in this case—it makes little sense for this Court to make what will amount to a second ruling on the issues now before the Ninth Circuit in *Adams*. If this Court were to make such a ruling, it would likely generate a concurrent Ninth Circuit appeal brought by the same attorneys disputing essentially the same law and facts as in *Adams*.

*Waithaka* is instructive. The defendant there, Amazon, requested a stay of the district court case pending resolution of Ninth Circuit appeals involving a controlling legal issue present

JOINT STATUS REPORT - 3
*Teshome v. City of Seattle*, No. C25-1226 TSZ

Ann Davison
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

in all of the cases. The district court found that a stay would avoid the possibility that its resolution of the issue would conflict with the Ninth Circuit's forthcoming decision. The district court concluded that the possibility of conflicting rulings outweighed the prejudice claimed by the plaintiff:

> As to the second and third factors, the Court does not take lightly the arguments made by Plaintiff Waithaka . . . . As Plaintiff explains, this case was filed more than five years ago and the [controlling] issue . . . has been reviewed multiple times by multiple courts all in Plaintiff Waithaka's favor. The Court is also aware that Amazon is the defendant in [two other cases] and has sent this issue up and down the courts there as well. Yet, *this Court finds that the need to eliminate the potential for conflicting rulings and to promote judicial economy tips the scale in favor of a stay, especially given that decisions from the Ninth Circuit . . . are expected within a matter of months.*

*Waithaka*, 2023 WL 1991889, at *2 (emphasis added); *accord* <u>Dempsey v. Smith's Food & Drug Centers, Inc.</u>, No. 3:24-CV-00269-ART-CSD, 2025 WL 326644, at *4 (D. Nev. Jan. 28, 2025) (granting a stay because the "orderly course of justice" factor weighed heavily where "the issue presented in [a Ninth Circuit appeal] is identical to the issue that, absent a stay, this Court would be asked to decide"; citing similar examples). As in *Waithaka*, this Court confronts the same legal issues the Ninth Circuit will likely resolve within months rather than years. *See* <u>Dempsey</u>, 2025 WL 326644, at *4 ("while there is no way to predict when the Ninth Circuit will issue a decision, oral argument has been scheduled for next month, therefore, a decision is likely in the near future"). Whereas Waithaka had invested five years in the litigation when it was stayed, here the stay would come at the start of the case, before the parties or this Court have invested significant time and effort. As in *Waithaka*, this Court should issue a stay to avoid the very real possibility of conflicting rulings.

**The City would endure an unnecessary burden without a stay.** Plaintiffs' fate in this case is largely or entirely tied to the Ninth Circuit's resolution of *Adams*. The City should not

JOINT STATUS REPORT - 4
*Teshome v. City of Seattle*, No. C25-1226 TSZ

Ann Davison
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

have to engage in repetitious motions practice to cover the same ground this Court already

covered, and the Ninth Circuit is about to address, in *Adams*, especially where the Ninth Circuit's

decision is likely to resolve key legal issues and simplify the parties' briefing. Nor should the

City—as a hedge against an adverse ruling on its dispositive motions—be forced to undertake

discovery regarding Plaintiffs and replicate at least some aspects of discovery (including

expensive expert testimony) regarding MHA while waiting for a Ninth Circuit ruling that could

obviate such efforts.

      **The possible damage to Plaintiffs from a stay is minimal**. Plaintiffs have their permits,

*see* Dkt. # 1 at pp. 14 ¶ 92, 17 ¶ 132 (Complaint), so a stay will not obstruct their ability to

develop their projects. With the *Adams* oral argument scheduled for September, no one need wait

unreasonably long for controlling Ninth Circuit authority. Given that it took 21 months to

conclude proceedings in this Court in *Adams*, the Ninth Circuit will likely issue a controlling

decision before this Court resolves *Teshome*. And Plaintiffs seek interest on their compensatory

damages to make them whole for any delay should they prevail. *Id*. at 26. To the extent Plaintiffs

seek resolution of legal issues to guide their decisions about other properties, they will benefit

from controlling Ninth Circuit authority informing a ruling in this case. Any ruling from this

Court in *Teshome* is unlikely to provide certainty because the losing party will probably seek

Ninth Circuit review no matter what.

      Because the orderly course of justice and balance of equities favor a stay, this Court

should stay further proceedings in this case until 28 days after the Ninth Circuit issues the

mandate in *Adams* and direct the parties to file a status report, after the issuance of that mandate

and before the stay is lifted, proposing a schedule for further proceedings in this Court.

JOINT STATUS REPORT - 5
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## II.    PLAINTIFFS OPPOSE A STAY

Plaintiffs respectfully disagree that a stay is appropriate here. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–11 (9th Cir. 2005). This case does not present such "rare circumstances," as all three stay factors counsel against issuing a stay here.

**The City will suffer no prejudice absent a stay**. To warrant a stay, the City must show "prejudice that [it] will suffer from having to continue litigating this case." *In re PG&E Corp. Securities Litig.*, 100 F.4th at 1087. "Being required to defend a suit, without more, does not constitute prejudice." *Ibid*. (cleaned up). Yet that is all the prejudice the City can muster: As it admits above, "[a]bsent a stay, the City will respond to the *Teshome* complaint promptly by filing a motion to dismiss or other dispositive motion, rather than an answer[.]" Under the Ninth Circuit's precedent, that does not constitute prejudice sufficient to support a stay.

**Plaintiffs will suffer damage from a stay**. A stay is presumptively disfavored "if there is even a fair possibility that the stay will work damage to some one else." *In re PG&E*, 100 F.4th at 1087 (cleaned up). The City claims that Plaintiffs will not be harmed by a stay because they already have their permits. *See supra.* But Plaintiffs also seek prospective relief from the continuing harms that MHA imposes on their plans. Specifically, Plaintiffs Teshome and Volker own properties subject to MHA. Dkt. # 1 at p. 15 ¶ 102 (Complaint). They seek not just the return of fees they have already paid for a project on one property, but also a determination of whether MHA can be applied to a project on different properties. *Id*. at pp. 27 ¶ 168, 27 ¶¶ D–E. The outcome of this case will determine whether they sell those properties or develop them. *Id*. at p. 15 ¶¶ 100–04. Moreover, Plaintiffs Vert and 10.23 Build, LLC are currently searching for

new parcels to purchase and develop, and the outcome of this case will determine whether they purchase parcels located within an MHA zone. *Id*. at p. 18 ¶¶ 136–42. Indeed, Plaintiffs Vert and 10.23 Build, LLC have forgone purchasing properties in the past, solely because they were subject to MHA. *Id*.at p. 18 ¶ 140. These considerations form the basis of Plaintiffs' request for prospective relief. *Id*. at p. 27 ¶¶ D–E (Prayer for Relief).

Where prospective relief is sought, "[t]here is more than just a 'fair possibility' of harm" from a stay. *Lockyer*, 398 F.3d at 1112. In *Lockyer*, the California Attorney General sough injunctive relief against ongoing and future harm from an alleged "ongoing illegal concentration of market power that threatens economic harm to electricity consumers." *Ibid.* The stay sought in that case (to allow the resolution of a bankruptcy case) would have allowed that threatened economic harm to continue. *Ibid.* Thus, unlike cases where plaintiffs sought "*only* damages for past harm," there was harm to the plaintiff in *Lockyer. Ibid.* (emphasis added).

As in *Lockyer*, a stay here would force Plaintiffs to continue to suffer uncertainty in the use of their properties, as well as the operation of their businesses. Indeed, it is likely that a stay would significantly prolong Plaintiffs' uncertainty. The City suggests that, because oral argument in *Adams* is scheduled for September, a decision will issue shortly thereafter. Perhaps, but perhaps not. The Ninth Circuit often takes significant time to issue an opinion; in fact, Plaintiffs' undersigned attorneys have previously waited up to two-and-a-half years after oral argument for the Ninth Circuit to release an opinion in a case. The court may decide *Adams* in less time, but it might not, given that *Adams* deals with both complex constitutional and jurisdictional issues. *See Savage v. United States*, 225 F. Supp. 3d 1159, 1163 (C.D. Cal. 2016) ("[T]he government presents no actual evidence or reason to suggest that the Supreme Court will

decide *Beckles* in unusually quick fashion[.]"). And even when the decision in *Adams* is released, that decision might have no bearing on this case at all—as further explained below.

**There is little judicial efficiency to be gained by a stay**. Because neither of the first two factors weighs in favor of a stay, a stay is not appropriate. *In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1085 ("judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings" (internal quotation marks omitted)).

*In re PG&E Corp. Securities Litig.*, demonstrates the proper analysis. In that case, the Ninth Circuit accepted that a stay would serve judicial efficiency. 100 F.4th at 1087. However, the parties seeking a stay did "not articulate any prejudice that they will suffer [beyond] having to continue litigating this case." *Ibid*. In such circumstances, "there are no relative hardships to balance"—as any hardship at all from delaying Plaintiffs' case counsels against issuing a stay. *Ibid*.

But even if the City could show that the balance of equities favored a stay, a stay would still not be warranted. That is because the outcome of the *Adams* appeal may not "narrow[] the factual and legal issues" presented by this case. *Lockyer*, 398 F.3d at 1112. Contrary to the City's argument, this case does not necessarily implicate the same legal issues that this Court adjudicated in *Adams*.

First, the City is urging the Ninth Circuit not to reach the merits in *Adams*. It is arguing that Ms. Adams's financial situation means that she lacks Article III standing to seek her desired prospective relief. City of Seattle's Redacted Answering Brief at 20–22, *Adams v. City of Seattle*, No. 24-6505 (9th Cir. Apr. 22, 2025). Further, it is requesting that—even if the Ninth Circuit should find that Ms. Adams has properly presented her claims—her case be remanded to this Court "to decide the merits in the first instance." *Id*. at 45. Therefore, if the City's procedural

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

argument before the Ninth Circuit prevails, *Adams* will not resolve any legal issue relevant to this case.

Second, this Court dismissed Ms. Adams's as-applied claim on procedural grounds that are inapplicable to Plaintiffs. As this Court wrote in *Adams*:

> [N]o decision has been issued by the City of Seattle concerning whether plaintiff would be subject to the MHA's "performance option" or "payment option." No permit has been sought and no condition or exaction has been imposed.

*Adams v. City of Seattle*, No. C22-1767-TSZ, 2024 WL 3253297, at *5 (W.D. Wash. June 28, 2024). Here, by contrast, Plaintiffs have sought (and received) permits, and the City imposed MHA requirements as a permit exaction. Dkt. # 1 at pp. 14 ¶¶ 89–92, 17 ¶¶ 128–132 (Complaint). Therefore, this Court's resolution of Ms. Adams's as-applied challenge on ripeness grounds has no relevance to Plaintiffs' as-applied challenge.

The City's attempt to transport the *Adams* ripeness issue into this case is unavailing. Above, it states that both *Adams* and this case present the issue of whether "the as-applied claims are unripe because plaintiffs sought no waiver or reduction of the MHA requirement." That is incorrect. This Court found Ms. Adams's as-applied claim unripe not because she failed to seek a waiver *per se*, but because there was a possibility that she could still receive an MHA waiver in the future. *Adams*, 2024 WL 3253297, at *5. Plaintiffs, however, have confirmed that there is no possibility that their MHA obligations would be waived—*i.e.*, Plaintiffs have already paid the MHA fee, and it is too late for it to be waived for their permits. Dkt. # 1 at pp. 14 ¶¶ 88–98, 18 ¶¶ 133–135. The Supreme Court has held that owners in such circumstances may present their claims. *Pakdel v. City & County of San Francisco*, 594 U.S. 474, 481 (2021) (distinguishing "finality" from any exhaustion requirement). Accordingly, the Ninth Circuit's determination of the ripeness issue in *Adams* will resolve nothing relevant to this case.

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

In sum, the balance of equities weighs against a stay and, even so, there is little judicial economy to be gained by waiting for the Ninth Circuit to decide the *Adams* appeal. Accordingly, this Court should issue an order setting a briefing schedule for the City's anticipated motion to dismiss.

Respectfully submitted August 8, 2025.

| | |
|---|---|
| INSTITUTE FOR JUSTICE | ANN DAVISON<br>Seattle City Attorney |
| By:      *s/Suranjan M. Sen*, TN Bar No. 038830<br>Institute for Justice<br>901 North Glebe Road, Suite 900<br>Arlington, Virginia 22203<br>Ph: (703) 682-9320<br>ssen@ij.org | By:      *s/Roger D. Wynne*, WSBA #23399<br>         *s/Jeffrey S. Weber*, WSBA #24496<br>         *s/Rebecca Widen*, WSBA #57339<br>Seattle City Attorney's Office<br>701 Fifth Ave., Suite 2050<br>Seattle, WA 98104-7095<br>Ph: (206) 684-8200<br>roger.wynne@seattle.gov<br>jeff.weber@seattle.gov<br>rebecca.widen@seattle.gov<br>*Assistant City Attorneys for Defendant City of Seattle* |
| *s/William R. Maurer*, WSBA No. 25451<br>Institute for Justice<br>600 University Street, Suite 1730<br>Seattle, Washington 98101<br>Ph: (206) 957-1300<br>wmaurer@ij.org | |
| *s/Paul V. Avelar*, AZ Bar No. 023078<br>Institute for Justice<br>398 South Mill Avenue, Suite 301<br>Tempe, Arizona 85281<br>Ph: (480) 557-8300<br>pavelar@ij.org<br>*Attorneys for Plaintiffs Mehrit Teshome, Rocco Volker, James Vert, and 10.23 Build, LLC* | |

JOINT STATUS REPORT - 10
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Ann Davison**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200