Hon. Thomas S. Zilly

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MEHRIT TESHOME, et al., | Case No. C25-1226 TSZ |
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | |
| CITY OF SEATTLE, WASHINGTON, a municipal corporation, | |
| Defendant. | |

**1.      Nature and complexity of the case.**

This is a constitutional challenge to local legislation. It presents primarily, if not exclusively, legal issues.

Specifically, this case concerns a constitutional challenge to the residential portion of the Defendant City of Seattle's Mandatory Housing Affordability law ("MHA"). In broad terms, under the challenged portion of the MHA, a residential development project subject to MHA must either include some number of affordable units or pay into a fund to support the development of affordable housing.

Plaintiffs allege they are Seattle homeowners and a professional developer who, as a condition of obtaining residential build permits, paid MHA fees to the City. Plaintiffs also allege they own undeveloped properties that are subject to the MHA restriction, or they are actively seeking to purchase parcels in Seattle and base that purchasing decision, in part, on the applicability of the MHA restriction to the parcel. Plaintiffs bring facial and as-applied constitutional challenges to MHA, alleging that its enforcement in all circumstances, including their own, does not reflect impact mitigation—that is, it fails to satisfy the "essential nexus" and

**Joint Status Report** - 1
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

"rough proportionality" tests applicable to land-use permit conditions—and, therefore, violates the Takings Clause. *See Sheetz v. County of El Dorado*, 601 U.S. 267 (2024). They seek damages (reflecting MHA fees paid and nominal damages) and prospective relief.

The City maintains that Plaintiffs' claims fail as a matter of law for several reasons, including but not limited to reasons this Court and the Ninth Circuit set forth in deciding the related *Adams v. City of Seattle* case (see Section 5(C), below). The City intends to file a motion to dismiss seeking early dismissal of all claims, and if that is denied, a motion for summary judgment.

**2.      Proposed deadline for joining additional parties.**

The parties anticipate joining no additional parties.

**3.      Whether the parties consent to assignment to a Magistrate Judge.**

No.

**4.      Discovery plan.**

**A.      Initial disclosures.**

The parties conducted a Fed. R. Civ. P. 26(f) conference on March 4, 2026. The parties agreed that, in the interest of judicial economy and avoiding potentially unnecessary litigation costs, initial disclosures and discovery should be stayed until after the Court rules on the City's motion to dismiss. Today, the parties jointly filed a stipulated motion to stay discovery, including initial disclosures, pending this Court's resolution of the motion to dismiss.

**B.      Subjects, timing, and potential phasing of discovery.**

As discussed in Section 4(A) above, the parties agree that initial disclosures and discovery should be stayed until after a ruling on the City's motion to dismiss.

The parties also agree that the discovery conducted in the related *Adams* case (see section 5(E), below) will significantly streamline discovery in the present case. The parties anticipate discovery in the present case will likely consist of a small amount of additional written discovery, limited, if any, fact witness depositions, and a few expert reports and depositions.

**Joint Status Report** - 2
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

**C.** **Electronically stored information.**

The parties do not anticipate any issues concerning disclosure or discovery of electronically stored information. The parties further agree to work cooperatively on any such requests if they arise and produce electronically stored information in its native format, where available.

**D.** **Privilege issues.**

The parties are unaware of specific privilege issues at this point.

**E.** **Proposed limitations on discovery.**

The parties do not believe any proposed limitations on discovery are necessary at this point.

**F.** **The need for any discovery related orders.**

Because the parties intend to resolve discovery issues directly, they currently anticipate no need for discovery-related orders.

**5.** **The parties' views, proposals, and agreements on the items in Local Civil Rule 26(f)(1).**

**A.** **Prompt case resolution.**

The parties do not anticipate that this case is susceptible to settlement or alternative-dispute resolution, but the parties believe that discovery can be significantly streamlined. See Section 5(E) below.

**B.** **Alternative dispute resolution.**

The parties intend to explore resolution of this case directly, through their attorneys, if appropriate. At this time they do not anticipate engaging in mediation or a settlement conference.

**C.** **Related cases.**

*Adams v. City of Seattle*, No. 2:22-CV-01767-TSZ, also dealt with a constitutional challenge to MHA, where the plaintiff's attorneys were the same as Plaintiffs' attorneys in this case. As such, some factual and legal issues overlap between the two cases. See Section 5(E) below. The Ninth Circuit affirmed this Court's decision in *Adams* (case no. 24-6505).

**D.** **Discovery management.**

The parties agree to make a good-faith effort to work cooperatively to resolve any discovery issues as they arise before bringing such matters to the Court.

**Joint Status Report** - 3
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

**E.      Anticipated discovery sought.**

Should this Court deny the City's forthcoming motion to dismiss, the parties anticipate that discovery will be streamlined. The parties have agreed that they may use discovery and the record from *Adams v. City of Seattle*, No. 2:22-CV-01767-TSZ, subject to document-specific objections (such as relevance), in this case. Nevertheless, the parties do anticipate conducting some additional discovery, including expert discovery. The parties do not anticipate needing or requesting discovery outside of the limitations on depositions and discovery requests set forth in the Federal Court Rules of Civil Procedure.

**F.      Phasing of motions.**

The City intends to file a motion to dismiss. The parties propose the following briefing schedule:

| | |
|---|---|
| City's motion to dismiss | May 22nd, 2026 |
| Plaintiff's response to motion to dismiss | June 22nd, 2026 |
| City reply re motion to dismiss | July 2nd, 2026 |

Should this Court not dismiss this action in response to the City's motion to dismiss, the parties will propose additional case schedule dates following this Court's guidance on scheduling.

**G.      Preservation of discoverable information.**

The parties understand their mutual obligations to preserve discoverable information and do not anticipate any issues regarding these obligations at this point.

**H.      Privilege issues.**

The parties currently do not anticipate issues related to privilege but will work in good faith to resolve those issues should they arise. The parties agree to follow Rule 502 of the Federal Rules of Evidence with respect to any inadvertent disclosures that may arise during litigation.

**I.      Model Protocol for Discovery of ESI.**

This case may involve the preservation and production of ESI. The parties agree to work cooperatively regarding the preservation and production of any such evidence in this matter and agree to consider adopting the Model ESI Agreement if such evidence is identified as relevant

**Joint Status Report** - 4
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

INSTITUTE FOR JUSTICE
600 University Street, Suite 2710
Seattle, WA 98101
Tel: (206) 957-1300

and responsive to an appropriate production request.

      **J.**      **Alternatives to Model Protocol.**

      See Section 5(I), above.

**6.**      **The date by which discovery can be completed.**

      This date would be set, if needed, after the Court's ruling on the City's motion to dismiss. See Section 5(F), for context.

**7.**      **Whether the case should be bifurcated by trying the liability issues before the damages issues or bifurcated in any other way.**

      The parties anticipate that, if this case is not resolved on the City's motion to dismiss, it will be resolved on cross-motions for summary judgment (like the *Adams* case). The parties do not see any need to bifurcate liability and damage issues, as the amount of Plaintiffs' alleged damages—their MHA fees paid, plus interest (and $1.00 in nominal damages)—are uncomplicated. The parties are currently unaware of any other reason to formally bifurcate the case within the meaning of Fed. R. Civ. P 42(b), but they agree that to the extent such a motion is warranted, they will raise it promptly with the Court.

**8.**      **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

      The parties agree to proceed with the protocols established for pre-trial statement and pre-trial order called for in Local Civil Rules 16(e), (h), (i), and (k), and 16.1.

**9.**      **Any other suggestions for shortening or simplifying the case.**

      In addition to the motions practice and discovery timing discussed above, the parties intend to explore stipulating to facts where appropriate.

**10.**      **The date the case will be ready for trial.**

      This date would be set, if needed, after the Court's ruling on the City's motion to dismiss. See Section 5(F) for context.

**Joint Status Report** - 5
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

INSTITUTE FOR JUSTICE
600 University Street, Suite 2710
Seattle, WA 98101
Tel: (206) 957-1300

**11.    Whether the trial will be jury or non-jury.**

A trial, if necessary, would be non-jury.

**12.    The number of trial days required.**

A trial, if necessary, would likely require approximately 2–3 days.

**13.    The names, addresses, and telephone numbers of all trial counsel.**

| | |
|---|---|
| Suranjan Sen | Jeffrey S. Weber |
| Institute for Justice | Seattle City Attorney's Office |
| 901 North Glebe Road, Ste. 900 | 701 Fifth Avenue, Ste. 2050 |
| Arlington, VA  22203 | Seattle, WA 98104-7095 |
| (703) 682-9320 | (206) 727-3999 |
| ssen@ij.org | jeff.weber@seattle.gov |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| | |
| William R. Maurer | Roger D. Wynne |
| Institute for Justice | Seattle City Attorney's Office |
| 600 University St., Ste. 2710 | 701 Fifth Avenue, Ste. 2050 |
| Seattle, WA  98101 | Seattle, WA 98104-7095 |
| (206) 957-1300 | (206) 233-2177 |
| wmaurer@ij.org | roger.wynne@seattle.gov |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| | |
| Paul V. Avelar | Rebecca Widen |
| Institute for Justice | Seattle City Attorney's Office |
| 398 South Mill Avenue, Ste. 301 | 701 Fifth Ave., Ste. 2050 |
| Tempe, Arizona 85281 | Seattle, WA 98104-7095 |
| Phone: (480) 557-8300 | (206) 684-0374 |
| pavelar@ij.org | rebecca.widen@seattle.gov |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

**14.    The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Counsel or some of them anticipate being unavailable for trial:

Sept. 4–11, 2026

Sept. 21–Oct. 23, 2026

Nov. 11–17, 2026

April 20–27, 2027

May 17–24, 2027

July 15, 2027

**Joint Status Report** - 6
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

INSTITUTE FOR JUSTICE
600 University Street, Suite 2710
Seattle, WA 98101
Tel: (206) 957-1300

**15.** **If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

The City has been served.

**16.** **Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

No.

**17.** **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

No party is a non-governmental corporation.

DATED March 24, 2026.

Respectfully submitted,

s/ Suranjan M. Sen
Suranjan M. Sen, TN Bar No. 038830*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
(703) 682-9320
ssen@ij.org

s/ William R. Maurer
William R. Maurer, WSBA #25451
INSTITUTE FOR JUSTICE
600 University Street, Suite 2710
Seattle, Washington 98101
(206) 957-1300
wmaurer@ij.org

s/ Paul V. Avelar
Paul V. Avelar, AZ Bar No. 023078*
INSTITUTE FOR JUSTICE
3200 North Central Avenue, Suite 2160
Phoenix, Arizona 85012
(480) 557-8300
pavelar@ij.org

*admitted pro hac vice

*Attorneys for Plaintiffs Teshome, et al.*

ERIKA J. EVANS
Seattle City Attorney

By:   s/ Roger D. Wynne
      Roger D. Wynne, WSBA #23399

      s/ Jeffrey S. Weber
      Jeffrey S. Weber, WSBA #24496

      s/ Rebecca Widen
      Rebecca Widen, WSBA #57339

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, Washington 98104-7095
(206) 684-8200
roger.wynne@seattle.gov
jeff.weber@seattle.gov
rebecca.widen@seattle.gov

*Assistant City Attorneys for Defendant City of Seattle*

**Joint Status Report** - 7
*Teshome et al. v. City of Seattle,* No. C25-1226 TSZ

INSTITUTE FOR JUSTICE
600 University Street, Suite 2710
Seattle, WA 98101
Tel: (206) 957-1300