Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEHRIT TESHOME, ROCCO VOLKER, JAMES VERT, and 10.23 BUILD, LLC,

               Plaintiffs,

     v.

CITY OF SEATTLE,

               Defendant.

No.    C25-1226 TSZ

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
JULY 2, 2026

CONTENTS

I.    Introduction and Relief Requested.......................................................................................1

II.   Statement of Facts...............................................................................................................2

    A.   Following state law, MHA requires a developer to provide affordable housing or make an in-lieu payment in areas where the City increased development capacity........2

    B.   The City fully enacted MHA in 2019. ..........................................................................3

    C.   The City has granted a waiver of an MHA requirement, but Plaintiffs did not request a waiver or reduction before obtaining development permits with MHA conditions and suing the City.........................................................................................3

III.  Issues Presented ..................................................................................................................4

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

IV.  Authority .........................................................................................................4

    A.  Standard of review. ...................................................................................4

    B.  Plaintiffs' as-applied claim is unripe because they sought no waiver or reduction of the MHA requirement............................................................5

    C.  Plaintiffs' facial claim fails because at least one property owner obtained a waiver (proving that MHA can be applied without implicating the Takings Clause) and the claim is time-barred.......................................................8

    D.  MHA is not subject to *Nollan/Dolan* review. ..............................................9

        1.  A *Nollan/Dolan* claim requires a permit condition to convey a physical interest in land or a fee in lieu of it. .........................................9

        2.  MHA requires no physical interest in land or fee in lieu of one. ...........................11

V.  Conclusion .......................................................................................................13

APPENDIX:  Seattle Mun. Code ch. 23.58C.

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## I.    INTRODUCTION AND RELIEF REQUESTED

This case should sound familiar. In key respects, it is identical to *Adams v. City of Seattle*, No. C22-1767-TSZ, which this Court dismissed two years ago. Like *Adams*, this is a challenge to Defendant City of Seattle's Mandatory Housing Affordability ("MHA") program, under which developers of new residential projects in certain areas must set aside some units as affordable for a period of time or pay a fee to enable the City to construct affordable housing. Like *Adams*, Plaintiffs here allege MHA effects an unconstitutional exaction of developers' property, facially and as applied to them, under the "nexus" test of *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 837 (1987), and the "rough proportionality" test of *Dolan v. City of Tigard*, 512 U.S. 374, 391 (1994). This case suffers from many of the same flaws in *Adams*.

The Ninth Circuit Court of Appeals affirmed this Court's dismissal of *Adams*. *Adams v. City of Seattle*, No. 24-6505, 2025 WL 3081848 (9th Cir. Nov. 4, 2025) (mem.), *aff'g*, No. C22-1767-TSZ, 2024 WL 3253297 (W.D. Wash. June 28, 2024). The City respectfully asks this Court to dismiss this action too. *See* Fed. R. Civ. P. 12(b)(6). Plaintiffs' as-applied claim is unripe because they sought no waiver or reduction of the MHA requirement. Their facial claim fails because at least one property owner obtained a waiver (proving that MHA can be applied without implicating the Takings Clause) and the claim is untimely. And even if Plaintiffs' claims could clear those hurdles, MHA is not subject to *Nollan/Dolan* review.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 1
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## II.    STATEMENT OF FACTS

For this motion, the City accepts the Complaint's allegations as true, supplemented by citation to state and local law and matters subject to judicial notice.[1]

### A.    Following state law, MHA requires a developer to provide affordable housing or make an in-lieu payment in areas where the City increased development capacity.

MHA is an "affordable housing incentive program" under Washington law, which authorizes a city to: identify areas where increased residential development will foster local housing policies; provide increased residential development capacity through changes to zoning and development regulations (commonly called "upzoning"); and require new residential development in those areas to provide affordable housing or pay a fee in lieu of it. Wash. Rev. Code § 36.70A.540(2)–(3).

In zones where the City has implemented MHA, virtually all residential development must comply through a "performance" or "payment" option. Seattle Mun. Code ("SMC") § 23.58C.025.[2] Under the performance option, a certain number of units in the project must meet requirements that generally last for 75 years. SMC 23.58C.050.B. Rental units generally must serve households with incomes no greater than 60% of median income, with rents generally not exceeding 30% of 60% of median income. SMC 23.58C.050.C.3, .C.6.a. Owner-occupied units must serve households with incomes no greater than 80% of median income and be sold at a price that maintains affordability while allowing equity growth. SMC 23.58C.050.C.3, C.7.

---

[1] A court may consider documents incorporated by reference in a complaint, or matters of judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1064 (W.D. Wash. 2024), *modified on other grounds*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash., June 26, 2024).

[2] Appendix A contains the text of SMC ch. 23.58C.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 2
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Under the payment option, the developer must pay the City a fee calculated by multiplying a per-square foot amount by most gross floor area in the development. SMC 23.58C.040.A. Rental housing that the City funds through in-lieu payments must be rent- and income-restricted to serve households with incomes no greater than 60% of median income, while ownership housing funded by in-lieu payments must be priced to serve and sold to households with incomes no greater than 80% of median income. SMC 23.58C.040.B.

**B.      The City fully enacted MHA in 2019.**

In August 2016, the City enacted the MHA "Framework Ordinance," which added a new Chapter 23.58C to the SMC and established many of the operational details of the MHA program, but did not upzone or impose any performance or payment requirements. Ord. 125108.[3] In March 2019, the City adopted the MHA "Citywide Ordinance," Ord. 125791, which fully enacted MHA by upzoning extensive areas of the City and codifying the remaining performance and payment amounts. *Accord* Complaint, Dkt. # 1 at pp. 7 ¶ 34 ("Compl.").[4]

**C.      The City has granted a waiver of an MHA requirement, but Plaintiffs did not request a waiver or reduction before obtaining development permits with MHA conditions and suing the City.**

A developer may request a waiver or reduction of an MHA requirement. SMC 23.58C.030, 035. According to Plaintiffs, the City has granted a waiver. Compl. at 20 ¶ 155.

Plaintiffs applied for permits to construct residential structures subject to MHA, choosing the payment option without requesting a waiver or reduction of the fee. *See* Compl. at 14 ¶¶ 92–97, 18 ¶ 133. The City granted the permits. *See id.*

---

[3] City ordinances are available at https://seattle.legistar.com/Legislation.aspx (last visited May 18, 2026).

[4] Subsequent cites to the Complaint refer to docket page numbers.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 3
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Plaintiffs sued the City on June 30, 2025. They claim MHA, facially and as-applied, fails *Nollan/Dolan* review by effecting an unconstitutional exaction of their property. Compl. at 23–26. They seek declaratory and injunctive relief and nominal damages. *Id*. at 26–27.

This Court stayed this action pending resolution of *Adams* by the Ninth Circuit Court of Appeals. *See* Dkt. # 16 (stay); Dkt. # 18 (lifting the stay after the Ninth Circuit issued its *Adams* mandate).

## III.    ISSUES PRESENTED

1. A ripe as-applied takings claim requires the plaintiff to have pursued an available variance, modification, or waiver. Plaintiffs pursued no MHA waiver or reduction before suing the City. Is Plaintiffs' as-applied claim unripe?

2. To prove a facial violation, a plaintiff must establish that no circumstance exists under which the challenged law would be valid. At least one property owner obtained a waiver, proving that MHA can be applied without implicating the Takings Clause. Are Plaintiffs unable to prove that MHA is unconstitutional in all circumstances?

3. A Washington plaintiff must bring a facial takings challenge within three years of the challenged law's enactment. The City fully enacted MHA over three years before Plaintiffs sued the City. Is Plaintiffs' facial claim time-barred?

4. The nexus and rough proportionality tests apply only to a permit condition that forces a developer to convey an interest in land or pay a fee in lieu of it. The MHA fee is not in lieu of an interest in land. Even if Plaintiffs prevail on the other issues, do Plaintiffs fail to state a plausible claim to relief?

## IV.    AUTHORITY

### A.    Standard of review.

When considering a motion to dismiss under Rule 12(b)(6), federal courts accept the complaint's factual allegations as true, construe them in the light most favorable to the plaintiff, and grant the motion if the complaint fails to state a facially plausible claim to relief. *Atkinson*,

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 4
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

733 F. Supp. 3d at 1064. Accepting Plaintiffs' factual allegations, their Complaint states no facially plausible claim. Because their Complaint cannot be saved by amendment, this Court should dismiss this case with prejudice. *See Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1074 (9th Cir. 2025).

**B.      Plaintiffs' as-applied claim is unripe because they sought no waiver or reduction of the MHA requirement.**

The Ninth Circuit correctly dismissed the *Adams* as-applied challenge to MHA as unripe, ruling it was unfit for judicial determination because it was based on a speculative denial of a waiver application. *Adams*, 2025 WL 3081848, at *1. This Court should follow that persuasive authority to dismiss Plaintiffs' as-applied challenge to MHA because they too failed to request a waiver or reduction of MHA fees and now ask this Court to speculate about how the City would have treated that request.

For over three decades, the Supreme Court imposed two ripeness requirements on takings claims. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186–96 (1985). Under the "finality" requirement, a claim is unripe until the government makes a final decision—including on any available variances—on an application subject to the challenged regulation. *Id*. at 186–94. Under the "exhaustion" requirement, the plaintiff must have pursued and been denied compensation through state remedies. *Id.* at 194–96. Only the finality requirement remains after the Court abrogated the exhaustion requirement. *See Knick v. Township of Scott*, 588 U.S. 180, 187–205 (2019).

The finality requirement is "an essential prerequisite" to a takings claim. *MacDonald, Sommer & Frates v. County of Yolo,* 477 U.S. 340, 348 (1986). It requires a "final and authoritative determination" on what development the government will allow on an owner's property under what conditions. *Id*. Where the government has reached no conclusive position—

where "avenues still remain for the government to clarify or change its decision"—a takings claim is unripe. *Pakdel v. City and Cnty. of San Francisco*, 594 U.S. 474, 480 (2021). Those avenues include opportunities for a waiver or variance. *Palazzolo v. Rhode Island*, 533 U.S. 606, 620–21 (2001); *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 736–37 (1997).

The Supreme Court describes the finality requirement as jurisdictional. *Horne v. Department of Agric.*, 569 U.S. 513, 525 (2013) (a final agency decision "was clearly sufficient 'injury' for federal jurisdiction"); *accord Haney v. Town of Mashpee*, 70 F.4th 12, 19 (1st Cir. 2023) (lack of finality deprives the court of jurisdiction), *cert. denied*, 144 S. Ct. 564 (2024). While the exhaustion requirement existed, the Court described it as prudential. *E.g.*, *Knick*, 588 U.S. at 204; *Horne*, 569 U.S. at 525–26.

When describing ripeness in takings challenges, the Ninth Circuit explained that ripeness "is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990); *accord Vacation Village, Inc. v. Clark Cnty.*, 497 F.3d 902, 912 (9th Cir. 2007). But the Court has been less definitive when distinguishing the finality and exhaustion requirements. *See, e.g.*, *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1117 (9th Cir. 2010) (describing both requirements as prudential, but in a dispute involving only the exhaustion requirement and where ripeness did not matter because the plaintiffs lost on the merits); *McClung v. City of Sumner*, 548 F.3d 1219, 1224 (9th Cir. 2008) ("our Circuit has analyzed takings claim ripeness as raising both prudential and Article III considerations"; assuming ripeness to resolve the merits), *abrogated on other grounds by Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013); *Adam Bros. Farming, Inc. v. County of Santa*

*Barbara*, 604 F.3d 1142, 1146–47 (9th Cir. 2010) (calling both requirements "prudential" hurdles, but citing a decision that did not resolve the question).

Treating the finality requirement as jurisdictional is the proper course because, without a final decision, the plaintiff presents no Article III case or controversy—just speculation about how the government would have acted.

Plaintiffs' as-applied claim fails the finality requirement because they sought no waiver or reduction of the MHA fee. *See* Compl. at 14 ¶¶ 92–97, 18 ¶ 133. Plaintiffs ask this Court to excuse that failure because, they assert, the waiver or reduction application process would have been futile. *Id*. at 19–20. That assertion forces this Court to speculate whether Plaintiffs would qualify for a waiver or reduction, but "[i]t is precisely this type of speculation that the ripeness doctrine is intended to avoid." *Southern Pac. Transp.*, 922 F.2d at 504. Besides, the futility exception serves only to prevent a property owner from filing multiple applications; it does not change the owner's duty to apply for a waiver or variance. *See id*.

Even if this Court rules ripeness is prudential, this Court should still decline to consider Plaintiffs' as-applied challenge. Prudential ripeness considers the fitness of the issues for judicial review and the hardship to the parties of withholding review. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000). The Ninth Circuit dismissed the *Adams* as-applied challenge as unfit for judicial review because it was "based upon a speculative denial of a future waiver application. As-applied claims based on such 'uncertain or contingent future events . . . are unfit for judicial determination.'" *Adams*, 2025 WL 3081848, at *1 (citation omitted). The same is true here, where Plaintiffs ask this Court to speculate that, had they sought waivers in the past, the City would have denied them. Because only speculation would enable this Court to assess the proportionality of a condition the City might have waived or reduced, this

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

case is unfit for judicial review. And any hardship to Plaintiffs is a function of their relying on speculation by skipping the waiver process and suing.

> **C.    Plaintiffs' facial claim fails because at least one property owner obtained a waiver (proving that MHA can be applied without implicating the Takings Clause) and the claim is time-barred.**

Plaintiffs' facial claim fails for two independent reasons. First, they cannot show that the mere enactment of MHA effects a taking. A facial claim is, "of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiffs cannot shoulder this "heavy burden." *Id.* Following this Court's lead, *see Adams*, 2024 WL 3253297, at *4, the Ninth Circuit rejected the facial challenge in *Adams* because MHA's waiver and reduction provisions—backed by the City having granted a waiver—preclude MHA's mere enactment from effecting a taking. *Adams*, 2025 WL 3081848, at *1; *accord Home Builders Ass'n of N. Calif. v. City of Napa*, 108 Cal. Rptr. 2d 60, 64 (Cal. Ct. App. 2001) ("Since City has the ability to waive the requirements imposed by the ordinance, the ordinance cannot and does not, on its face, result in a taking."). This Court should follow that persuasive authority.

Second, Plaintiffs' facial claim is time-barred. Because 42 U.S.C. § 1983 has no limitations period, federal courts in Washington apply this state's three-year period for personal injury actions. *Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156–57 (W.D. Wash. 2019). A facial takings claim accrues, and the limitations period begins to run, upon passage of the challenged law. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955–57 (9th Cir. 2011); *Palmer Kearney Mesa Props., LP v. City of San Diego*, No. 23-cv-01755-DMS-BJW, 2026 WL 125686, at *5–*6 (S.D. Cal. Jan. 16, 2026). The City enacted the MHA Framework

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Ordinance in 2016 and the Citywide Ordinance in March 2019. Because that occurred over three years before Plaintiffs sued in 2025, their facial takings claim is time-barred.

### D.    MHA is not subject to *Nollan/Dolan* review.

Even if Plaintiffs could clear the other hurdles facing their claims, this Court should dismiss this case because Plaintiffs lack a prerequisite for a *Nollan/Dolan* claim: a condition requiring them to convey a physical interest in land or a fee in lieu of that interest.

#### 1.    A *Nollan/Dolan* claim requires a permit condition to convey a physical interest in land or a fee in lieu of it.

A prerequisite of a *Nollan/Dolan* claim is a condition requiring a property owner to convey a physical interest in land or a fee in lieu of that interest. The unconstitutional conditions doctrine prevents the government from denying someone a benefit for refusing to surrender a constitutional right—a tactic that would let the government produce an unconstitutional result it could not command directly. *See, e.g.*, *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

The doctrine applies to the Takings Clause via the concept of permit "exactions." The government, for example, may run a public trail through someone's property if it pays for an easement because the Takings Clause commands compensation for taking private property. *See* U.S. Const. Amend. V. But what if the landowner applies for a development permit and the government, as a condition of the permit, requires the landowner to deed the easement without compensation?

Two principal decisions limited this exaction power: *Nollan* held that a nexus must link the exaction to a legitimate state interest, 483 U.S. at 837, and *Dolan* added that the degree of the exaction must be roughly proportional to the impact of the proposed development on that interest, *Dolan*, 512 U.S. at 391.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 9
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

A third decision, *Koontz*, added that *Nollan/Dolan* review applies to the exaction of not only a physical interest in land, but also a fee in lieu of that interest.[5] *Koontz*, 570 U.S. at 611–19. *Koontz* recognized such "monetary exactions" because allowing a fee in lieu of a physical exaction would facilitate an end-run around *Nollan* and *Dolan*:

> Because the government need only provide a permit applicant with one alternative that satisfies the nexus and rough proportionality standards, a permitting authority wishing to exact an easement could simply give the owner a choice of either surrendering an easement or making a payment equal to the easement's value. Such so-called "in lieu of" fees are utterly commonplace and they are functionally equivalent to other types of land use exactions.

*Id*. at 612 (citation omitted). To fall under *Nollan*/*Dolan*, the government must command the money as a substitute for an interest in land—it must be "the relinquishment of funds linked to a specific, identifiable property interest." *Id*. at 614; *accord id.* at 617 (the government "considered petitioner's money to be a substitute for his deeding to the public a conservation easement"). To illustrate how money must substitute for a property interest, *Koontz* analogized to the inverse situation—in lien cases—where the property is a substitute for money. *Id*. at 613 (citing *Armstrong,* 364 U.S. at 43 ("they were entitled to resort to the specific property for the satisfaction of their [monetary] claims"), *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 573–74 (1935) (a bank held a mortgage entitling it to payments or the property securing the loan), and *United States v. Security Industrial Bank,* 459 U.S. 70, 71 (1982) (loan payments secured by property)). *Koontz* is clear: a monetary exaction is one in lieu of—that substitutes for—an exaction of a physical interest in land.

---

[5] *Koontz* also held that *Nollan*/*Dolan* review could be triggered by certain permit denials. *See* 570 U.S. at 608, 610. That holding is irrelevant to this action.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 10
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**2.    MHA requires no physical interest in land or fee in lieu of one.**

MHA's fee is not in lieu of an interest in land—there is no underlying taking for which the City substitutes the fee. In *Ballinger*, the Ninth Circuit recognized that a fee alone cannot support a *Nollan/Dolan* claim. *Ballinger v. City of Oakland*, 24 F.4th 1287 (9th Cir. 2022). Rejecting a challenge to an ordinance requiring a landlord to pay their tenant a relocation fee as a precondition to the landlord reoccupying the unit, *Ballinger* quoted *Koontz*: "the 'predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing.'" *Id.*, 24 F.4th at 1298 (quoting *Koontz*, 570 U.S. at 612). Because paying a fee, standing alone, is not a taking, "the relocation fee is not a compensable taking, so the relocation fee did not constitute an exaction." *Id.* at 1300; *accord Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1147 (9th Cir. 2024) ("because the payment at issue here is not a compensable taking, it does not constitute an exaction"); *Better Housing for Long Beach v. Newsom*, 452 F. Supp. 3d 921, 934–35 (C.D. Cal. 2020) (a stand-alone fee cannot be subject to a *Nollan/Dolan* claim), *aff'd*, No. 20-55373, 2022 WL 2287436 (9th Cir. June 24, 2022) (mem.); *Home Builders Ass'n of Greater Chicago v. City of Chicago*, 213 F. Supp. 3d 1019, 1024 (N.D. Ill. 2016) (*Koontz* did not hold that all fees related to property regulation are subject to the *Nollan* and *Dolan* tests). *But see The Crosslands Grp., LLC v. City of Cleveland Heights*, __ F. Supp. 3d __, 2026 WL 233966, at *9 (N.D. Ohio Jan. 29, 2026) (subjecting a rental unit registration fee to *Nollan/Dolan* review by selectively quoting precedent[6]), *appeal filed*, No. 26-3169 (6th Cir. Mar. 4, 2026);

---

[6] The Supreme Court observed that *Nollan/Dolan* review "applies regardless of whether the condition requires the landowner to relinquish property or requires her to pay a 'monetary exactio[n]' *instead of relinquishing the property.*" *Sheetz v. County of El Dorado*, 601 U.S. 267, 276 (2024) (emphasis added) (quoting *Koontz*). To conclude that a fee need not be in lieu of a physical interest in land, *The Crosslands Grp.* quoted that passage, but omitted those five italicized words. *The Crosslands Grp.*, 2026 WL 233966, at *9.

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 11
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

*Levin v. City and Cnty. of San Francisco*, 71 F. Supp. 3d 1072, 1078–79, 1080–84 (N.D. Cal. 2014) (applying *Nollan*/*Dolan* review to a confiscatory fee of hundreds of thousands of dollars imposed on a landlord wanting to remove a rent-controlled unit from the market), *appeal dismissed as moot*, No. 14-17283, 680 Fed. Appx. 610 (9th Cir. 2017) (mem.).

The MHA fee is not in lieu of an interest in land; it is in lieu of a limitation on rent or a sales price, which has never effected a taking. "[T]he Supreme Court and the Ninth Circuit have consistently held that rent control provisions and other restrictions on landlord-tenant relationships are not regulatory takings." *Better Housing for Long Beach*, 452 F. Supp. 3d at 929. *See, e.g.*, *Yee v. City of Escondido*, 503 U.S. 519, 528–31 (1992); *F.C.C. v. Florida Power Corp.,* 480 U.S. 245, 252 (1987); *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 440 (1982) ("This Court has consistently affirmed that States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails."); *Colony Cove*, 888 F.3d at 450–55; *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1088–91 & n.1 (9th Cir. 2015); *MHC Fin. LP v. City of San Rafael*, 714 F.3d 1118, 1126–28 (9th Cir. 2013).

Persuasive authority holds that a requirement to limit rent or a sale price—or pay a fee in lieu of that limit—is not subject to a *Nollan/Dolan* claim because the limit effects no taking if applied outside the permitting context: "Where a restriction on the use of property would not constitute a taking of property without just compensation if imposed outside of the permit process, a permit condition imposing such a use restriction does not require a permit applicant to give up the constitutional right to just compensation in order to obtain the permit and thus does not constitute 'an exaction' so as to bring into play the unconstitutional conditions doctrine." *California Bldg. Indus. Ass'n v. City of San Jose*, 351 P.3d 974, 992 (Cal. 2015); *accord Alto*

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 12
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

*Eldorado P'ship v. County of Santa Fe*, 634 F.3d 1170, 1178 (10th Cir. 2011); *redT Homes, LLC v. City and Cnty. of Denver*, No. 25-cv-01681-PAB-TPO, 2026 WL 592130, at *9–*11 (D. Colo. Mar. 2, 2026), *appeal filed*, No. 26-1085 (10th Cir. Mar. 20, 2026); *Palmer Kearney*, 2026 WL 125686, at *9–*10; *2910 Georgia Ave. LLC v District of Columbia*, 234 F. Supp. 3d 281, 305–06 (D.D.C. 2017); *Home Builders of Chicago*, 213 F. Supp. 3d at 1025; *Coalition for Fairness in Soho and Noho, Inc. v. City of New York*, __ N.E.3d __, 2026 WL 88133, at *7–*8 (N.Y. 2026), *cert. pet. filed*, No. 25-1187 (Apr. 16, 2026).

Plaintiffs cannot sustain their *Nollan/Dolan* challenge under this authority. Without running afoul of the Takings Clause, a city may impose rent or sales control requirements on all property owners, not just those who apply for a development permit. MHA effects no taking, let alone the taking of an interest in land *Koontz* recognized as the predicate for an unconstitutional conditions claim.

## V.    CONCLUSION

This Court should dismiss this case as it did *Adams*. Plaintiffs' as-applied claim is unripe. The City's waiver or reduction process undercuts Plaintiff's facial claim, which is also time-barred. And in any event, MHA is not subject to *Nollan/Dolan* review. Because Plaintiffs can change none of that by amending their Complaint, this Court should dismiss this case with prejudice.

//

//

//

//

//

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 13
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Respectfully submitted May 22, 2026.

ERIKA J. EVANS
Seattle City Attorney

By:     *s/Roger D. Wynne*, WSBA #23399
        *s/Jeffrey S. Weber*, WSBA #24496
        *s/Rebecca Widen*, WSBA #57339
Seattle City Attorney's Office
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
roger.wynne@seattle.gov
jeff.weber@seattle.gov
rebecca.widen@seattle.gov
*Assistant City Attorneys for Defendant City of Seattle*

DEFENDANT CITY OF SEATTLE'S MOTION TO DISMISS – 14
*Teshome v. City of Seattle*, No. C25-1226 TSZ

**Erika J. Evans**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200